**UNITED STATES DISTRICT COURT**
**DISTIRCT OF MINNESOTA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**$30,800 IN U.S. CURRENCY**,<br><br>Defendant,<br><br>**ERIK WHITE**,<br><br>Claimant. | Case No. 23-CV-2256 (SRN/DTS)<br><br>**ORDER** |

Jordan Juenger and Lucas Draisey, U.S. ATTORNEY'S OFFICE, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, Counsel for the United States of America.

Edward Johnson, EDWARD JOHNSON & ASSOCIATES, P.C., 1945 South Halsted Street, Pilsen East Center, Suite 309, Chicago, IL 60608, and Joshua Johnson, JOSH JOHNSON ATTORNEY AT LAW, 310 Fourth Avenue South, Suite 7000, Minneapolis, MN 55415, Counsel for the Claimant, Erik White.

---

This matter is before the Court on the Claimant's Motion for Judgment (Doc. No. 25), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Claimant, Erik White, seeks judgment on the pleadings.

When considering a Rule 12(c) motion, the Court must "accept as true all factual allegations set out in the Complaint" and "construe the Complaint in the light most favorable to the Plaintiff, drawing all inferences in its favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). The Court may also consider matters of public record,

including, in this case, Mr. White's criminal history. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

This civil matter relates to a seizure of cash at the Minneapolis-Saint Paul Airport by DEA Officers on September 6, 2022, while they were conducting drug interdiction operations outside a flight departing for Phoenix, Arizona. (Complaint at ¶ 6). The seizure occurred after a certified drug detection canine conducted an "open air" sniff of passengers and their luggage at the gate area. (Id. at ¶ 7.) The canine positively alerted to the odor of a controlled substance on a passenger's carry-on bag. The passenger agreed to speak with investigators and identified himself as Erik White. (Id.)

During a consensual search of the bag, agents discovered a large amount of U.S. currency wrapped with rubberbands. (Id. at ¶¶ 11-12.) Officers conducted a second dog sniff on the cash, resulting in another positive alert. (Id. at ¶ 14.) White claimed he won the money at a casino almost a month earlier. (Id. at ¶¶ 15-16.) The DEA investigated White's claim. (Id. at ¶ 26.)

The Government filed this forfeiture complaint in July of 2023. A forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial." Fed. R. Civ. P., Supp. R. G(2)(f). Money intended to be exchanged for illegal drugs and proceeds from the illegal sale of drugs is forfeitable to the United States. 21 U.S.C. § 881(a)(6).

The Government succeeds on a drug money forfeiture claim by showing a "substantial connection" between the seized property and the drug offense, 18 U.S.C.

§ 983(c)(1), (3). To plausibly plead such a claim, the Government may rely on the totality of the circumstances. *USA v. $63,530*, 781 F.3d. 949 (8th Cir. 2015).

The totality of circumstances alleged in the Complaint are more than sufficient to plausibly plead a claim of forfeiture. Those circumstances include: (1) White's significant history of drug-related convictions; (2) his subsequent plea deal in a separate drug-trafficking case involving the same route (between Minnesota and Arizona); (3) the large amount of cash seized; (4) White's lack of any discernible source of income; (5) two positive alerts by a certified drug detection dog; and (6) the manner in which the cash was stored and transported.

Accordingly, **IT IS HEREBY ORDERED that** the Claimant's Motion for Judgment (Doc. No. 25) is **DENIED**.

Date: Monday, November 16, 2026

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge